# CHARLESTON.

CARNEGIE NATURAL GAS COMPANY. *v.* CARTER OIL COMPANY.

Submitted February 17, 1914. Decided March 31, 1914.

1.   BOUNDARIES—*Description in Deed.*

     When general boundaries are so given in the description of land that they may mean either the inclusion of a parcel or the exclusion of it, and to that extent the description is ambiguous or uncertain, the number of acres which the parties have fixed in describing the land may be looked to in defining the boundary. (p. 778).

2.   EVIDENCE—*Parol Evidence.*

     Parol evidence of declarations made or intentions held by the parties prior to the execution of a writing or at the time thereof, are inadmissible for interpretation of its meaning. (p. 779).

Appeal from Circuit Court, Doddridge County.

Bill by the Carnegie Natural Gas Company against the Carter Oil Company and others. Decree for defendants, and plaintiff appeals.

*Affirmed.*

*Jackson V. Blair,* for appellant.

*Charles N. Kimble* and *Arthur E. Young,* for appellees.

ROBINSON, JUDGE:

The question presented by this appeal is whether or not a small parcel of about eleven acres is embraced in an oil and gas lease held by the Carter Oil Company. The lease by a general description calls for adjoiners only, as embracing a tract of one hundred acres, more or less. The Carnegie Natural Gas Company asserts that this lease of the Carter Oil Company for the one hundred acres does not take in the parcel of eleven acres, and that it, the Carnegie Natural Gas Company, has a lease on that parcel and a right to undisturbed possession and operation under the same. The prayer of the gas company for an injunction against the operations

of the oil company on the eleven acres was denied by the court below on the hearing of the suit. Thus it was held that the oil company's lease embraces the small parcel and is superior to the subsequent lease of that parcel made to the gas company.

A plat of the land shows that the description by adjoiners will answer 'incompletely for a description whether the eleven acre parcel is included or not. Whether it is included or excluded, the description is an incomplete one. Not all the adjoiners on the east, north, and west are named. The small parcel lies to the west of the other land. The description calls only for lands of Lemasters and of Simpson on the west. They will serve as adjoiners on the west whether the small parcel is included or excluded. And in either event, there is other land adjoining on the west.

The call for the Lamasters land on the west is consistent with intention to take in the eleven acre parcel, but by no means conclusive of such intention. If that parcel is not included, a portion of it is left between the land concededly covered by the lease and a part of the land of Lemasters. The exclusion of it simply shortens the line of the Lemasters land as an adjoiner. It is shown that Johnson Williams, who joined with his father and step-mother in the lease held by the oil company for the one hundred acres, and who alone, long subsequently, made the lease of the eleven acre parcel to the gas company, owned that parcel individually, while as to the other land he owned the remainder after an estate for the lives of his father and stepmother. From this it is arugued that intention to include the small parcel is negatived, since the father and step mother had no interest therein. Still it was legally possible for Johnson Williams, if he so intended, to lease his individual parcel in connection with the other land, by joining his father and stepmother as he did. It would not be a wholly unusual thing to do under the circumstances. He was living on the larger body of the land with his father and stepmother, and he owned all the land subject to the estate for their lives in the larger parcel. As to him the small parcel was not distinctly occupied, but was enjoyed by him in connection with his occupancy of the other land in conjunction with his father and stepmother. The parties may

have desired to avoid the making of two leases. The lease for the one hundred acres may legally cover the Johnson Williams small parcel as well as the larger parcel if the description was intended to include the former.

But, as we have indicated, the calls for adjoiners are consistent with either an inclusion or exclusion of the small parcel. The calls for adjoiners alone do not conclusively fix intention to include the eleven acres. Whether we look at the land as taking in the small parcel or not, the call for the west —the call for the Lemasters land and the Simpson land—is true. In either event there is other land to the west that could have been named as adjoining. Therefore the omission to make the small parcel an adjoiner on the west does not necessarily indicate that it was to be included. However we may look at it, the calls for adjoiners alone leave uncertainty as to whether or not it was intended to include the eleven acre parcel.

But there is another call in the description—a call for quantity. And this case is clearly one where a consideration of the quantity called for is proper in determining what the parties intended the description to embrace. When, as we have it here, the general boundaries given may mean the inclusion of a parcel or the exclusion of it, when to that extent the description is ambiguous or uncertain, the number of acres which the parties have fixed in describing the land may be looked to. *Lovett* v. *Gas Co.,* 79 S. E. 1007. The lease calls for one hundred acres, more or less. The parties meant to embrace approximately one hundred acres. Yet if we exclude the small parcel, the lease covers only about eighty-six acres as the acreage was known to the parties and evidently considered by them at the time of the date of the lease. It is true that a survey made since the beginning of this litigation shows a larger acreage, but we must view the statement of the acreage from the knowledge of the acreage which the parties had when the lease was made. They meant to embrace one hundred acres as they then considered the acreage of the two parcels. To embrace approximately one hundred acres as the parties then knew the land, both the small as well as the large parcel must be considered in the lease. The call for one hundred acres must be given consideration to clear the

uncertainty of the terms of the description. In this case it is the only resort that we have for the purpose. The call for that acreage plainly evinces intention to include the small parcel.

For interpretation of the description in the lease, parol evidence of declarations made or intentions held by the parties prior to the execution of the writing or at the time thereof, was not admissible. The exceptions to the depositions were properly sustained. That which was said in another case is pertinent here: "If the deed is ambiguous, in the light of its terms as applied to the subject matter, and we think it may be so regarded, the circumstances and situation of the parties, their conduct in entering into the contract and their subsequent conduct bearing upon its construction, and the peculiar nature and situation of the subject matter, constitute all the evidence admissible on the question of construction." *Stevenson* v. *Yoho,* 63 W. Va. 144.

We find no error in the decree. It will be affirmed.

*Affirmed.*